United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) |
| | ) |
| Omar Gilberto Andre Cuzcano Marroquin, | ) Criminal Case No. 18-20506-CR-Scola |
| Jerson Isai Renteria Gonzalez, and | ) |
| Henry Adrian Milla Campuzano, | ) |
| Defendants. | ) |

**Order Denying Motions for Sentence Reduction**

This matter is before the Court on three of the Defendants' motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mots., ECF Nos. 211, 213, 215.) The Government has responded to two of these motions (ECF Nos. 214, 216), and the time for the Defendants to file replies has elapsed. The Court treats these motions together because of the significant overlap between the factual and legal issues. After careful consideration of the motions, the record, and the relevant legal authorities, the Court **denies** the Defendants' motions for reduction of sentence. (**Mots., ECF Nos. 211, 213, 215**.)

1. **Background**

Seven individuals were indicted in June 2018 for their involvement in a scheme involving call centers that fraudulently induced Spanish-speaking victims in the United States to make payments to avoid supposed deportation, court proceedings, and other false consequences. (ECF No. 3.) The three Defendants relevant here each pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. (ECF Nos. 75, 89, 123.)

Defendant Omar Gilberto Andre Cuzcano Marroquin was sentenced on July 9, 2021 to 90 months of imprisonment. (ECF Nos. 122, 130). On September 3, 2021, Defendant Jerson Isai Renteria Gonzalez was sentenced to 100 months of imprisonment. (ECF Nos. 161, 165.) On September 21, 2021, Defendant Henry Adrian Milla Campuzano was sentenced to 110 months of imprisonment. (ECF Nos. 169, 170.) As part of the plea agreements, each Defendant agreed to recommend to the Court adjustments for his role as a manger and supervisor of the scheme to defraud and for the vulnerable nature of the victims. (ECF Nos. 75, 89, 123.)

Since these three Defendants' sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Defendants Cuzcano, Renteria, and Milla now seek retroactive application of Amendment 821 to the Court's judgments sentencing them to 90, 100, and 110 months, respectively.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and

provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendants invoke here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*

All three of these Defendants fail to meet at minimum Amendment 821's eligibility requirements (9) and (10)—*i.e.*, that they "did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim)[,]" and "did not receive an adjustment under §3B1.1 (Aggravating Role)[.]" *See id.* The Court therefore need not reach whether each Defendant is also ineligible because

he does not meet criterion (6)—that "the defendant did not personally cause substantial financial hardship[,]" although each very likely did by organizing and supervising a scheme to prey upon and unlawfully demand payments from Spanish speakers in the United States.

Each Defendant agreed in his plea agreement that the adjustments under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) and §3B1.1 (Aggravating Role) were applicable, and each factual proffer supported the application of the adjustments. Pursuant to their plea agreements, each Defendant acknowledged that he "continued to manage, supervise, and participate [in the scheme]" and "caused mail matter to be sent [] to vulnerable victims in the Southern District of Florida and in many other states across the country." (Cuzcano Plea Agreement, ECF No. 75 ¶ 8.f-g; Cuzcano Factual Proffer, ECF No. 76 ¶¶ 12-13; Renteria Plea Agreement, ECF No. 89 ¶ 8.f-g; Renteria Factual Proffer, ECF No. 90 ¶¶ 12-13; Milla Plea Agreement, ECF No. 123 ¶ 8.f-g; Milla Factual Proffer, ECFNo. 124 ¶¶ 12-13.) Thus, none of the three Defendants meets Amendment 821's eligibility criteria.

Because the Defendants are not eligible for relief, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendants' motions for reduction of sentence is **denied**. (**ECF Nos. 211, 213, 215**.)

**Done and ordered** at Miami, Florida on March 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge